UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OCT 0 2 2007
U.S.D.C. S.D. N.Y.
CASHIERS

BOLLE LA, INC.,

                              Plaintiff,

        v.

GLOBAL PURCHASING COMPANIES, INC.,

                              Defendant.

No.

**07 CIV 8528**

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Bolle LA, Inc. ("Bolle"), by and through its attorneys, Baker & Hostetler LLP,

for its complaint against defendant Global Purchasing Companies, Inc. ("Defendant"), alleges as

follows:

## NATURE OF CASE

This is a Complaint for trade name infringement, federal unfair competition, false

advertising, false designations of origin, and false representations under Section 43(a) of the U.S.

Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and for related claims of unfair

competition, trade name and service mark infringement, injury to business reputation, deceptive

trade practices, false advertising, and conversion under New York State law.

## PARTIES

1.     Plaintiff Bolle LA, Inc. is a corporation organized and existing under the laws of

the State of Nevada, and authorized to conduct business in the State of New York, with a

principal place of business at 89 Partition Street, Saugerties, NY 12477.

2.    Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 1133 Broadway, Suite 908, New York, NY 10001.

## JURISDICTION

3.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a), as it involves substantial claims arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. 1051, *et seq.*, and contains other claims that are so related to the claims within the Court's original jurisdiction that they form part of the same case and controversy.

## VENUE

4.    Venue for this action is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), as Defendant resides, may be found and is subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District.

## BOLLE'S BUSINESS, TRADE NAME AND SERVICE MARK

5.    For more than the past two years, since at least as early as June 2005, Bolle has owned and operated an apparel and accessories boutique under the trade name and service mark DIG, located in the village of Saugerties, located in the Catskills Region of New York State.

6.    During this time, Bolle has extensively advertised and promoted its DIG name and mark, including throughout the Catskills on a weekly, monthly and annual basis, and has been featured in numerous articles in various local and regional publications, including Ulster Publishing (Saugerties Times, Woodstock Times, New Paltz Times, Kingston Times, Mid Hudson Post Pioneer), Saugerties Post Star, Daily Freeman, Ulster County Press, Hudson Valley

Magazine, and Chronogram, as well as beyond the Catskills in the New York Daily News, Boston Magazine, Rhode Island Magazine, and Lucky Magazine. Bolle has also been listed for two years under the DIG name in Catskills/Hudson Valley Regional and Area White and Yellow Pages.

7.     Bolle also has an established presence on the Internet through its "digtheshop.com" web site, which is linked to many other web sites throughout the Catskills Region and the country. In addition, under the trade name and service mark DIG, Bolle sponsors numerous regional events and charity auctions, as well as fashion shows, including as a Sponsor and Advertiser for HITS (Horseshows In The Sun), a major annual, summer-long equestrian event in the Catskills with regional and national publicity and advertising. Bolle also has over 200 active vendors from which it purchases and with which it otherwise conducts business under its DIG name and mark.

8.     As a result of Bolle's prominent use, advertising, and promotion of its trade name and mark DIG, as well as attendant publicity, over the past couple of years, consumers throughout the Catskills Region and beyond have come to recognize the name and mark DIG as identifying Bolle's business and boutique located in Saugerties. Simply stated, in the clothing and accessories industry in this area of the country, the name and mark DIG as applied to clothing and accessories, identifies Bolle's business and boutique exclusively, has become a strong trade name and service mark entitled to a broad scope of protection, and is one of Bolle's most important business assets.

## DEFENDANTS' INFRINGING DIG NAME

9.     Upon information and belief, Defendant recently opened a clothing boutique in the Catskills also called DIG, located at 812 Main Street, Margaretville, New York, and has

- 3 -

begun advertising under this name throughout the region, including in some of the same publications in which Bolle has long advertised under the same DIG name.

10.    Defendant's president and owner, Mercedes R. Gonzalez, has created a "blog" on Defendant's website located at www.globalpurchasinggroup.com, in which she identifies Defendant's Catskills DIG boutique as a part of a "project" called "Dig Project," stating that "[t]he project is a pop up store near my home in Margaretville. The idea is to open a designer discount store and run it as a sample sale." On her blog, Gonzalez states that Defendant's DIG boutique is part of a "take-over-the-Catskills plan" with "5 or 6 mini discount stores."

11.    In late July 2007, Bolle learned of Defendant's Catskills DIG clothing boutique from people who mistakenly believed that Defendant's DIG boutique was also owned by Bolle. A Bolle representative contacted Gonzalez about Defendant's unauthorized use of Bolle's DIG name and mark. Although conciliatory at first, Gonzalez refused to change the name of Defendant's DIG boutique. Instead, Gonzalez added to her blog disparaging remarks about Bolle's representative and business, also stating that Gonzalez could simply change the name of Defendant's boutique to "dig it," "dig in," "the dig," or "le dig," but concluding that, "[b]y LAW, I don't have to change anything."

12.    Upon information and belief, Defendant was aware of Bolle's DIG clothing store, trade name and service mark before Defendant adopted the same name and mark for its clothing store. Among other things, Gonzalez is a sophisticated, long standing member of the apparel industry. She also owns a home in the Catskills Region. Upon information and belief, for at least as long as she has owned her Catskills home, she has read many issues of various publications in which Bolle has long advertised its DIG boutique. Significantly, Gonzalez admits on her blog that she "had heard a rumor of a store in Saugerties that is also called DIG."

However, in reckless and callous disregard of the rights of Bolle, she said that it was "[n]o big deal" since she told confused consumers that "there was no relation."

13.    Furthermore, although she apparently did not bother even to call directory assistance to confirm the "rumors" that there is also a DIG boutique in Saugerties, Gonzalez claims to have conducted a search of New York State DBA records for the DIG name before she adopted the name, but supposedly found no NY State DBA record for Bolle's DIG boutique. Significantly, however, in addition to repeated listings in Regional and Area phone directories, Bolle's DIG store has had a New York State Certificate of Authority to do Business (DBA) under the DIG name for over two years. Even simple searches on Google for such terms as "dig boutique" and "dig clothing Catskills" identify Bolle's DIG boutique.

14.    By letter dated August 3, 2007, Bolle's counsel wrote to Gonzalez, identifying Bolle's trade name and service mark rights in the name DIG, and requesting that Gonzalez and her company cease further use of the DIG name and mark, including variations thereof such as without limitation DIG IN, DIG IT, THE DIG and LE DIG.

15.    Bolle's counsel also stated that, although highly improbable, to the extent that Gonzalez was not aware of Bolle's DIG boutique, name and mark prior to adopting the same name and mark for Defendant's boutique, then at least as of Gonzalez's receipt of Bolle's counsel's August 3, 2007 letter, Gonzalez and Defendant were on actual notice of Bolle's rights, and any further unauthorized use of the DIG name and mark by Defendant would be considered willful and intentional infringement.

16.    By letter dated August 10, 2007, Gonzalez responded that she had "already changed the name to 'Dig In,' and that is all I'm willing to do." However, she also suggested several ways to proceed, the first being "I'll see you in court" and threatening counterclaims for

harassment and obstruction to conduct business. She alternatively suggested certain terms for a settlement by which Defendant would cease using any phrase incorporating the word DIG.

17.    A few days later, Bolle's counsel called and left a message for Gonzalez to discuss the proposed settlement. Gonzalez never returned the call.

18.    By letter dated August 17, 2007, Bolle's counsel again wrote to Gonzalez, disagreeing with her factual and legal contentions, but nevertheless, in a final effort to resolve the matter amicably, confirming the earlier telephone message that Bolle would consider a settlement that would include Defendant's permanent cessation of use of the term DIG, as Gonzalez suggested in her August 10, 2007 letter. Bolle's counsel concluded by asking Gonzales to "[p]lease let me know next week if you are still interested in considering such a resolution, absent which I expect the parties to proceed with your option number 1 by seeking judicial relief." Gonzalez has never responded.

19.    Defendant's unauthorized use of Bolle's DIG name and mark, including variations thereof, such as but not limited to DIG IN, is likely to lead ordinary consumers and members of the trade to mistakenly believe that Defendant's boutique is owned by, licensed under, or otherwise affiliated with or related in some way to Bolle's DIG boutique.

20.    Indeed, since Defendant's recent opening and advertising of its DIG boutique, several of Bolle's customers and potential customers have visited Bolle's DIG boutique and conveyed the mistaken impression that Defendant's boutique is also owned by Bolle, and at least one of Bolle's recent customers previously refused to shop at Bolle's DIG boutique, mistakenly assuming that it is a low-end discount store as a result of Defendant's advertising of Defendant's DIG (or DIG IN) boutique. And as noted above, Gonzalez has admitted that she herself has had to assure confused members of the public that "there was no relation" between the two Catskills

DIG boutiques.

21.    Bolle has also learned that, on or about August 10, 2007, Defendant registered

with Network Solutions Inc. the Internet domain name shopdigin.com, and has since created a

web site for Defendant's DIG boutique located at its shopdigin.com domain address. Defendant's

unauthorized use of the DIG name and mark as part of its web site domain name is likely to

cause or at least aggravate and increase confusion as to the source, origin, sponsorship or

affiliation of the parties and/or their businesses, especially given the similarity between

Defendant's shopdigin.com and Bolle's digtheshop.com domain names. The fact that Defendant

utilizes the word "shop" as part of its domain name including the word DIG, rather than any

other word such as "store" or "boutique", further demonstrates the willful and intentional nature

of Defendant's violations.

## COUNT I

### FEDERAL UNFAIR COMPETITION, TRADE NAME INFRINGEMENT, FALSE AND MISLEADING ADVERTISING, FALSE REPRESENTATIONS, AND FALSE DESIGNATIONS OF ORIGIN UNDER SECTION 43(a) OF THE U.S. TRADEMARK ACT

22.    Bolle repeats and realleges the allegations of the preceding paragraphs as if fully

set forth herein, and further alleges that Defendant's unauthorized use of the DIG name and

mark, including variations thereof, in advertising and promoting Defendant's boutique is

material in that it likely influences purchasing decisions.

23.    Defendant's aforesaid acts constitute intentional and willful federal unfair

competition, trade name infringement, false advertising, false representations, and false

designations of origin under Section 43(a) of the U.S. Trademark Act, 15 U.S.C. § 1125(a).

24.    Defendant's aforesaid acts have caused and will continue to cause great and

irreparable injury to Bolle, and unless said acts are restrained by this Court, they will be continued and Bolle will continue to suffer great and irreparable injury.

    25.    Bolle has no adequate remedy at law.

## COUNT II

### COMMON LAW UNFAIR COMPETITION AND TRADE NAME AND SERVICE MARK INFRINGEMENT

    26.    Bolle repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

    27.    Defendant's aforesaid acts constitute intentional and willful common law unfair competition and infringement of the DIG trade name and service mark.

    28.    Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Bolle, and unless said acts are restrained by this Court, they will be continued and Bolle will continue to suffer great and irreparable injury.

    29.    Bolle has no adequate remedy at law.

## COUNT III

### INJURY TO BUSINESS REPUTATION UNDER NEW YORK G.B.L. § 368-d

    30.    Bolle repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

    31.    Defendant's aforesaid acts constitute intentional and willful injury to business reputation under New York G.B.L. § 368-d.

    32.    Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Bolle, and unless said acts are restrained by this Court, they will be continued and Bolle will continue to suffer great and irreparable injury.

    33.    Bolle has no adequate remedy of law.

## COUNT IV

### DECEPTIVE TRADE PRACTICES
### UNDER NEW YORK G.B.L. § 349

34.     Bolle repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

35.     Defendant's aforesaid acts constitute intentional and willful deceptive trade practices under New York G.B.L. § 349.

36.     Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Bolle, and unless said acts are restrained by this Court, they will be continued and Bolle will continue to suffer great and irreparable injury.

37.     Bolle has no adequate remedy of law.

## COUNT V

### FALSE ADVERTISING
### UNDER NEW YORK G.B.L. § 350

38.     Bolle repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

39.     Defendant's aforesaid acts constitute intentional and willful false advertising under New York G.B.L. § 350.

40.     Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Bolle, and unless said acts are restrained by this Court, they will be continued and Bolle will continue to suffer great and irreparable injury.

41.     Bolle has no adequate remedy of law.

## COUNT VI

## COMMON LAW CONVERSION

42.    Bolle repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

43.    Defendant's aforesaid acts constitute intentional and willful common law conversion.

44.    Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Bolle, and unless said acts are restrained by this Court, they will be continued and Bolle will continue to suffer great and irreparable injury.

45.    Bolle has no adequate remedy of law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff BOLLE prays for judgment:

(1)    That Defendant's aforesaid activities constitute:

(a)    willful federal unfair competition, trade name infringement, false advertising, false representations and false designations of origin under 15 U.S.C. § 1125(a);

(b)    willful common law unfair competition and trade name and service mark infringement;

(c)    willful injury to business reputation under New York G.B.L. § 368-d

(d)    willful deceptive trade practices under New York G.B.L. § 349

(e)    willful false advertising under New York G.B.L. § 350; and

(f)    willful common law conversion.

(2)    Permanently enjoining and restraining Defendant, and its officers, agents, servants, employees, attorneys, website designer, website host, and all other persons in active

- 10 -

concert or participation with them, including sales representatives, distributors, advertisers, telephone directories, and all other persons otherwise in privity with them,

(a)     from referring to or otherwise using the DIG name and mark or variations thereof, including without limitation DIG IN, DIG IT, THE DIG and LE DIG, in any manner in connection with Defendant's boutique, business, products or services, including without limitation as the name of Defendant's clothing boutique or its so-called "Project" described on Defendant's globalpurchasinggroup.com web site, or as part of the domain name of Defendant's shopdigin.com web site;

(b)     from making any statement or engaging in any other activity that disparages, defames or otherwise injures the reputation of Bolle and its owner, officers, employees and attorneys, including without limitation through Defendant's website blog.

(c)     from doing any other act intended, designed or calculated, or that is likely to cause confusion, mistake or deception as to the source, origin, sponsorship, approval, affiliation, nature, or qualities of the parties or their businesses and products, or that otherwise infringes Bolle's DIG name and mark, or that otherwise constitutes false advertising, trade name or service mark infringement, unfair competition, false representations, false designations of origin, injury to business reputation, deceptive trade practices, or conversion;

(3)     Ordering that Defendant deliver up for destruction all business cards, stationery, shopping bags, other packaging, labels, postcards, gift cards, hang tags, signs, advertising, promotional items, and all other materials bearing the DIG name and mark and variations thereof.

(4)     Ordering that Defendant file with the Court and serve upon Bolle, within 5 days after service upon Defendant of this Court's Injunction issued in this action, a written report,

signed under oath, setting forth in detail the manner in which Defendant has complied with such Injunction.

(5)    Awarding Bolle an accounting of Defendant's profits arising out of Defendant's aforesaid acts, and such increased sum in addition thereto as the Court shall find just.

(6)    Awarding Bolle its damages arising out of Defendant's aforesaid acts, together with an amount which is three times the amount found as actual damages.

(7)    Awarding Bolle corrective advertising funds to purge the effects of Defendant's unlawful acts.

(8)    Awarding Bolle its costs and attorneys' fees.

(9)    Awarding Bolle punitive damages due to Defendant's wanton conduct.

(10)    Awarding Bolle such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Bolle demands a jury trial on all issues so triable.

Dated: October 2, 2007

Thomas A. Canova (TC-7270)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
212-589-4200

Attorneys for Plaintiff
BOLLE LA, INC.