UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-1-08

BOLLE LA, INC.,

          Plaintiff,

v.

GLOBAL PURCHASING COMPANIES, INC.,

          Defendant.

No. 07 Civ 8528 (JFK)

**FINAL JUDGMENT**
**(On Consent)**

Upon the consent of plaintiff Bolle LA, Inc. ("Bolle") and defendant Global Purchasing Companies, Inc. ("Global"), and upon the Court's Findings of Fact and Conclusions of Law as set forth below and all papers filed, orders issued and proceedings had herein, it is hereby ORDERED, ADJUDGED and DECREED that:

## PARTIES

1.    Plaintiff Bolle LA, Inc. is a corporation organized and existing under the laws of the State of Nevada, and authorized to conduct business in the State of New York, with a principal place of business at 89 Partition Street, Saugerties, NY 12477.

2.    Global is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 1133 Broadway, Suite 908, New York, NY 10001.

## JURISDICTION

3.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a), as it involves substantial claims arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. 1051, *et seq.*, and contains other claims that are so related to the claims within the Court's original jurisdiction that they form part of the same case and controversy.



## VENUE

4.  Venue for this action is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), as Defendant resides, may be found and is subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this District.

## BOLLE'S BUSINESS, TRADE NAME AND SERVICE MARK

5.  For more than the past two years, since at least as early as June 2005, Bolle has owned and operated an apparel and accessories boutique under the trade name and service mark DIG, located at 89 Partition Street, Saugerties, New York 12477, located in the Catskills Region of New York State.

6.  During this time, Bolle has extensively advertised and promoted its DIG name and mark, including throughout the Catskills on a weekly, monthly and annual basis, and has been featured in numerous articles in various local and regional publications, including Ulster Publishing (Saugerties Times, Woodstock Times, New Paltz Times, Kingston Times, Mid Hudson Post Pioneer), Saugerties Post Star, Daily Freeman, Ulster County Press, Hudson Valley Magazine, and Chronogram, as well as beyond the Catskills in the New York Daily News, Boston Magazine, Rhode Island Magazine, and Lucky Magazine. Bolle has also been listed for two years under the DIG name in Catskills/Hudson Valley Regional and Area White and Yellow Pages phone directories. Bolle's DIG store has also had a New York State Certificate of Authority to do Business (DBA) under the DIG name for over two years.

7.  Bolle also has an established presence on the Internet through its "digtheshop.com" web site, which is linked to many other web sites throughout the Catskills Region and the country. Moreover, searches on Internet search engines such as Google for such terms as "dig boutique" and "dig clothing Catskills" identify Bolle's DIG store. In addition,

- 2 -

under the trade name and service mark DIG, Bolle sponsors numerous regional events and charity auctions, as well as fashion shows, including as a Sponsor and Advertiser for HITS (Horseshows In The Sun), a major annual, summer-long equestrian event in the Catskills with regional and national publicity and advertising. Bolle also has over 200 active vendors from which it purchases and with which it otherwise conducts business under its DIG name and mark.

8. As a result of Bolle's prominent use, advertising, and promotion of its trade name and mark DIG, as well as attendant publicity, over the past couple of years, consumers throughout the Catskills Region and beyond have come to recognize the name and mark DIG as identifying Bolle's business and boutique located in Saugerties. Simply stated, in the clothing and accessories industry in that area of the country, the name and mark DIG as applied to clothing and accessories, identifies Bolle's business and boutique exclusively, has become a strong trade name and service mark entitled to a broad scope of protection, and is one of Bolle's most important business assets.

### DEFENDANTS' INFRINGING DIG NAME

9. Global recently opened a clothing boutique in the Catskills also called DIG, originally located at 812 Main Street (now 801 Main Street), Margaretville, New York 12455, and then began advertising under this name throughout the region, including in some of the same publications in which Bolle has long advertised under the same DIG name.

10. Global's president and owner, Mercedes R. Gonzalez, created a "blog" on Global's website located at www.globalpurchasinggroup.com, in which she identifies Defendant's Catskills DIG boutique as a part of a "project" called "Dig Project," stating that "[t]he project is a pop up store near my home in Margaretville. The idea is to open a designer discount store and run it as a sample sale." On her blog, Gonzalez states that Defendant's DIG boutique is part of a "take-over-the-Catskills plan" with "5 or 6 mini discount stores."



11. In late July 2007, Bolle learned of Global's Catskills DIG clothing boutique from people who mistakenly believed that Global's DIG boutique was also owned by Bolle. A Bolle representative contacted Gonzalez about Global's unauthorized use of Bolle's DIG name and mark. Although conciliatory at first, Gonzalez refused to change the name of Defendant's DIG boutique. Instead, Gonzalez added to her blog certain unflattering remarks about Bolle's representative and business, also stating that Gonzalez could simply change the name of Defendant's boutique to "dig it," "dig in," "the dig," or "le dig," but concluding that, "[b]y LAW, I don't have to change anything."

12. By letter dated August 3, 2007, Bolle's counsel wrote to Gonzalez, identifying Bolle's trade name and service mark rights in the name DIG, and requesting that Gonzalez and her company cease further use of the DIG name and mark, including variations thereof such as without limitation DIG IN, DIG IT, THE DIG and LE DIG.

13. Bolle's counsel also stated that, to the extent that Gonzalez was not aware of Bolle's DIG boutique, name and mark prior to adopting the same name and mark for Defendant's boutique, then at least as of Gonzalez's receipt of Bolle's counsel's August 3, 2007 letter, Gonzalez and Defendant were on actual notice of Bolle's rights, and any further unauthorized use of the DIG name and mark by Defendant would be considered willful and intentional infringement.

14. By letter dated August 10, 2007, Gonzalez responded that she had "already changed the name to 'Dig In,' and that is all I'm willing to do." However, she also suggested several ways to proceed, the first being "I'll see you in court" and threatening counterclaims for harassment and obstruction to conduct business. She alternatively suggested certain terms for a settlement by which Defendant would cease using any phrase incorporating the word DIG.

15. A few days later, Bolle's counsel called and left a message for Gonzalez to

- 4 -

discuss the proposed settlement. Gonzalez never returned the call.

16. By letter dated August 17, 2007, Bolle's counsel again wrote to Gonzalez, disagreeing with her factual and legal contentions, but nevertheless, in a final effort to resolve the matter amicably, confirming the earlier telephone message that Bolle would consider a settlement that would include Defendant's permanent cessation of use of the term DIG, as Gonzalez suggested in her August 10, 2007 letter. Bolle's counsel concluded by asking Gonzales to "[p]lease let me know next week if you are still interested in considering such a resolution, absent which I expect the parties to proceed with your option number 1 by seeking judicial relief." Gonzalez never responded.

17. On October 2, 2007, Bolle instituted the present action against Global for trade name infringement, federal unfair competition, false advertising, false designations of origin, and false representations under section 43(a) of the U.S. Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and for related claims of unfair competition, trade name and service mark infringement, injury to business reputation, deceptive trade practices, false advertising, and conversion under New York State law.

18. Bolle alleges that Global's unauthorized use of Bolle's DIG name and mark, including variations thereof, such as but not limited to DIG IN, is likely to lead ordinary consumers and members of the trade to mistakenly believe that Defendant's boutique is owned by, licensed under, or otherwise affiliated with or related in some way to Bolle's DIG boutique.

19. Indeed, since Global's recent opening and advertising of its DIG boutique, several of Bolle's customers and potential customers have visited Bolle's DIG boutique and conveyed the mistaken impression that Global's boutique is also owned by Bolle, and at least one of Bolle's recent customers previously refused to shop at Bolle's DIG boutique, mistakenly assuming that it is a low-end discount store as a result of Defendant's advertising of Defendant's

DIG (or DIG IN) boutique. Significantly, Gonzalez has admitted on her blog that she "had heard a rumor of a store in Saugerties that is also called DIG." However, she said that she reassured confused customers by telling them that it was "[n]o big deal" since "there was no relation."

20. On or about August 10, 2007, Global registered with Network Solutions Inc. the Internet domain name shopdigin.com, and has since created a web site for Global's DIG boutique located at its shopdigin.com domain address. Bolle alleges that Global's unauthorized use of the DIG name and mark as part of this web site domain name is likely to cause or at least aggravate and increase confusion as to the source, origin, sponsorship or affiliation of the parties and/or their businesses, especially given the similarity between Global's shopdigin.com and Bolle's digtheshop.com domain names. Bolle further alleges that Global's use of the word "shop" as part of this domain name including the word DIG, rather than any other word such as "store" or "boutique," further demonstrates the willful and intentional nature of Global's violations.

21. The Court concludes that Global's aforesaid activities constitute federal unfair competition, trade name infringement, false advertising, false representation and false designations of origin under 15 U.S.C. § 1125(a); common law unfair competition and trade name and service mark infringement; injury to business reputation under New York G.B.L. § 368-d; deceptive trade practices under New York G.B.L. § 349; false advertising under New York G.B.L. § 350; and common law conversion.

## ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, the Court orders as follows:

(1) By March 15, 2008, Global shall (i) change the name on its Catskills storefront presently located at 801 Main Street, Margaretville, NY 12455 to a name that does not include

the word DIG; (ii) deliver up to Bolle's counsel all remaining materials within Global's possession, custody or control, bearing the DIG name and variations thereof, including without limitation signage, displays, business cards, stationery, shopping bags, sales slip forms, receipt forms, purchase order forms, packaging, labels, postcards, gift cards, hang tags, advertising and promotional material; (iii) transfer its domain name "shopdigin.com" to Bolle; (iv) remove and/or cause to be removed all references to DIG and variations thereof in connection in any manner with Global's business from all other domains and blogs, including at globalpurchasinggroup.com, margaretville.com, catskillhighpeaks.com, superpages.com and oneweekjob.com; and (v) withdraw all advertising insertions and other listings bearing the DIG name and variations thereof placed by or on behalf of Global or Gonzalez from all publications and other materials. To the extent that Global or Gonzalez fail to comply with any of the above, the Court will consider the materiality of that failure in determining whether an actionable breach has occurred.

(2) Global, its principal, shareholders, officers, directors, employees, successors, assigns, suppliers, agents, servants, attorneys, website designer, website host, advertisers, and all those persons in active concert, participation or privity with them, or any of them who receive actual notice of this Order by personal service or otherwise, are PERMANENTLY ENJOINED:

(a) from directly or indirectly referring to or otherwise using, or allowing or enabling others to use, the DIG name and mark or variations thereof, including without limitation DIG IN, DIG IT, THE DIG and LE DIG, in any manner in connection with any boutique, business, product or service, including without limitation as the name of Global's clothing boutique or its so-called "Project" described on Global's globalpurchasinggroup.com web site, or as part of the domain name of Global shopdigin.com web site;

- 7 -

    (b)    from making any statement or engaging in any other activity that disparages, defames, casts in a "bad light," or otherwise impugns or injures the reputation of Bolle or its owner, officers, employees, representatives, agents and attorneys and/or Bolle's boutique and business, including in any blogs or other writings, or orally (whether at Global's offices, at their Catskills store, during Gonzalez's "classes" or otherwise), and from mentioning this dispute in writing or orally except to state words to the effect that "it has been amicably resolved."

    (c)    from doing any other act intended, designed or calculated, or that is likely to cause confusion, mistake or deception as to the source, origin, sponsorship, approval, affiliation, nature, or qualities of the parties or their businesses and products, or that otherwise infringes Bolle's DIG name and mark, or that otherwise constitutes false advertising, trade name or service mark infringement, unfair competition, false representations, false designations of origin, injury to business reputation, deceptive trade practices, or conversion.

(3)    All terms, provisions and obligations set forth in the parties' Settlement Agreement dated February 14, 2008 hereto are incorporated fully herein as part of this Consent Judgment.

(4)    The Court shall retain a continuing jurisdiction over this matter and over Global in order to enforce or otherwise resolve disputes concerning any part of this Consent Judgment, including the parties' Settlement Agreement incorporated herein by reference.

SO ORDERED, this 1 day of ~~March~~ 2008
April,

_____
United States District Judge

- 8 -

The parties hereby consent to entry and issuance of the above Consent Judgment without notice.

BOLLE LA, INC.

By: _____

Thomas A. Canova (TC 7270)
Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111
(p) 212-589-4231
(f) 212-589-4201

Attorneys for Plaintiff
Bolle LA, Inc.

GLOBAL PURCHASING COMPANIES, INC.

By: _____
Mercedes R. Gonzalez
President

By: _____
Scott Zarin (SZ 7134)
Zarin & Associates, P.C.
45 West 21st Street, 4th Floor
(p) 212-580-3131
(f) 212-580-4393

Attorneys for Defendant
Global Purchasing Companies, Inc.